## LOUIS N. BIVERT v. G. N. PERKINS.

1. JUSTICE COURT—*Practice—Arbitration.* Under the statute in force in this Territory in 1890, in a case before a justice of the peace in which an application and affidavit for change of venue were filed and an order of removal made thereupon in writing by the justice of the peace and entered in his docket, and immediately thereafter and before leaving the court the parties to the cause agreed to enter into an arbitration under the direction of the court, and at once agreed upon arbitrators, and submitted their testimony to them, and the arbitrators made a finding in writing stating what each party to the controversy should do in order to terminate the litigation, and this finding of the arbitrators was, at the request of both the parties, entered upon the justice's docket and made a rule of court, and a judgment was entered thereupon and the parties proceeded to, and did. carry out the finding and order of the arbitrators, then, afterward upon a trial of the same matters in the district court, it was not error in the court to give an instruction that, if the parties to the litigation had agreed in the justice of the peace court to submit the matter in controversy between them to arbitrators, and that the award or finding of the arbitrators should be entered in the docket of said justice of the peace as a judgment, then the decision of such parties amounted in law to an adjudication and determination of their respective rights.

2. JURISDICTION RETAINED—*Error.* Nor was it error for the said justice of the peace, under the circumstances and at the request of the parties, to retain jurisdiction of the cause and to enter up such arbitration and judgment thereon.

*Error from the District Court of Logan County.*

### STATEMENT OF. FACTS.

On March 18, 1893, Donaldson sold to Edwards and Robinson a yoke of oxen, the possession of which are involved in this case. Edwards and Robinson agreed to pay therefor the sum of $65; $50 in cash, which was paid, and $15 in labor, consisting of breaking and grubbing a fifteen-acre tract of land. Only a small portion of the work was performed. On May 3, 1893, Edwards and Robinson sold the cattle back to Donaldson, taking his promissory note therefor for the sum of $50. On May

5, 1893, Edwards and Robinson brought suit in replevin before Brazil, a justice of the peace for Iowa township, Logan county.   On May 23, the case was called for trial, when Donaldson filed an application and affidavit for change of venue, which said application was granted, and the case ordered to be transmitted to Nelson Benjamin, justice of the peace for Iowa township.

Afterwards and on the same day, a verbal agreement of arbitration was had before the said A. J. Brazil of the matters in dispute between the said Edwards and Robinson, and Donaldson.   The arbitrators made a finding and agreed that Robinson and Edwards should return to Donaldson his note of $50, and pay to him the sum of $6, and give to him the work already done on the land, and that Donaldson should turn over the oxen to Edwards and Robinson; that Donaldson was to pay the costs of the law suit and to have the crop on the ground. Thereupon the note of $50 was turned over to Donaldson, the sum of $6 was paid to him and by his direction applied to the payment of the costs in the case, and he also paid a remaining balance of forty-five cents costs. Thereafter, Edwards and Robinson went to the place of Donaldson, with the latters' consent, and took possession of the oxen and took them away.   Donaldson, therefore, had performed his part of the arbitration, and Edwards and Robinson had performed their part thereof.

Thereafter, and on the 27th day of May, 1893, Donaldson commenced a suit of replevin before McElroy, justice of the peace, for Springvale township, Logan county. against Edwards and Robinson for the possession of the oxen, and on May 30, a judgment was rendered by said justice of the peace in favor of the plaintiff, Donaldson, adjudging that he, the plaintiff, was the owner and entitled to the possession of the oxen. There-

after, Edwards and Robinson being indebted to the plaintiff herein, G. N. Perkins, executed a bill of sale to him of the oxen.

Subsequent to May 30 and prior to June 15, 1893, Donaldson sold the oxen to John P. Bivert, and again sold them to Louis N. Bivert, the plaintiff in error. On June 15, 1893, the defendant in error here, commenced an action of replevin against Francis M. Donaldson, John Bivert, Louis Bivert, Richard Roe, and Thomas McElroy, before W. H. McCarver, justice of the peace for the City of Guthrie.

Louis Bivert answered, claiming the property and the right of possession therein. The other defendants answered, disclaiming any interest in the cattle. Upon change of venue, the case was tried on June 20, 1893, before Justice Fred R. Morgan, between the plaintiff and the defendant in error; was decided in favor of Perkins, and appeal taken to the district court of that county and Territory.

Thereafter, on the 20th and 21st days of April, 1894, the case was tried in the district court of Logan county and Territory of Oklahoma, to a jury, and a verdict rendered and judgement entered therein for the plaintiff, G. N. Perkins, and against the said Louis N. Bivert for the return of said oxen and twenty-five dollars damages, and also adjudging the value of the oxen to be $65.

*Keaton and Cotteral*, for plaintiff in error.

*G. N. Perkins*, for defendant in error.

The opinion of the court was delivered by

McATEE, J.: Several assignments of error are made by the plaintiff in error.

The views which are pressed in the brief are: (1.)

That the court erred in giving instruction numbered five, to the effect that, if Donaldson, and Edwards and Robinson agreed to submit the matter in controversy between them to certain arbitrators, and thereafter agreed that the award or finding of said arbitrators should be entered in the docket of the said A. J.Brazil, justice of the peace, as a judgement, then the decision of such parties amounted in law to an adjudication and determination of their respective rights; and (2) that A. J. Brazil, justice of the peace, had lost jurisdiction to enter any judgment in the case prior to the said arbitration, for the reason that he had previously granted a change of venue to another justice and that hence he had no jurisdiction of the parties or the subject matter,

The former part of this contention is argued upon the ground that the Oklahoma Statutes of 1890, art. 26, ch. 70, p. 884, in force at the time of the arbitration and trial, provides that:

"Sec.1. All persons, except infants and insane persons, may by an instrument in writing, submit to the arbitration or umpirage of any person or persons to be by them mutually chosen, any controversy existing between them which may be the subject of a suit at law, except as otherwise provided in the next section, and may agree that such submission may be made a rule of any court of record designated in such instrument."

It is provided in § 9, that:

"The award shall be in writing, and signed by the arbitrator or arbitrators who agree thereto, and shall be attested by a subscribing witness."

While the justice had, in fact, entered upon his docket the change of venue to another justice, the parties to the cause, including Donaldson, did, as a matter of fact, request the justice to suspend the operation of that order, in as much as they had agreed to enter into an arbitration

46—IV.

of the matter, and to have the same made the rule of his court, and under the direction of the said justice, in his court, and with his aid, agreed upon arbitrators, who after the hearing of the testimony, made a finding in writing, which was entered upon the justice's docket, and agreed thereto, by both the parties thereto, who acted thereon and carried out the arbitration.

The note of Donaldson for $50 being surrendered to him by Edwards and Robinson, or at their direction, and Edwards and Robinson having paid over at the direction of Donaldson, the sum of $6 to the justice of the peace be applied to him upon the payment of the costs of the suit, which were under the arbitration to be paid by Donaldson, and Donaldson himself having completed the payment of the costs by adding the sum of forty-five cents in cash, to the justice, and he having surrendered the complete possession and claim of ownership of the oxen to Edwards and Robinson, we think, before the papers had been transmitted to the district court, the justice of the peace had the right, at the request of both parties to the case, to reassume the jurisdiction of the cause, for the purpose of aiding in this effort to arbitrate the matters in controversy, and that in as much as the arbitration was accepted by both parties, carried out and completed and the oxen delivered to Edwards and Robinson on the next day or the second day thereafter, and that the arbitration was entered up as a judgment by the said justice of the peace, and agreed upon by the parties thereto, that it was not error for the court to direct, that "the decision of the parties amounted in law to an adjudication and determination of their respective rights."

We find no error in the record, and that the judgment of the district court was correct, and it will be affirmed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.